IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LINDA JO ROBINSON                                                                                      PLAINTIFF

vs.                                       CASE NO. **5:05CV139GH**

UNITED STATES OF AMERICA                                                                DEFENDANT

## **ORDER**

The Order entered on January 12, 2007, is hereby vacated by the Court and the following is substituted in its stead:

On October 19, 2006, the Court directed the parties to address the issue raised by defendant regarding plaintiff's standing. Plaintiff was directed to file her brief within thirty days of October 19th Order. On October 23, 2006, defendant's attorney wrote the attached letter to plaintiff's counsel and the Court proposing certain action plaintiff could take to remedy problems regarding standing and limitations.

On November 29, 2006, the Court entered an Order noting that more than 30 days had passed since the October 19th Order with no action by plaintiff's counsel. The Court directed counsel to take action within twenty days with regard to this case. The Court noted that counsel is not relieved of his duty to represent plaintiff's interests just because he is appointed. The Court also reminded plaintiff's counsel of the availability of court funds for reimbursement of expert expenses.

More than twenty days have passed since the November 29th Order. Plaintiff's counsel has still not complied with the Court's orders. Counsel has not submitted anything, despite defendant's guidance as to how to proceed.

On December 28, 2006, defendant filed a "Response" to the November 29th Order reiterating the steps necessary for counsel to take so that the case can proceed. On that same day, plaintiff filed a pro se motion to reinstate her pro se status or to appoint alternate counsel. On January 5, 2007, plaintiff filed, pro se, a reply to defendant's response stating that she has located a family practitioner who is willing to review the medical records and provide a report.

On July 20, 2005, the Magistrate Judge entered an Order finding that counsel

should be appointed.    Walter Whit Barton was appointed on September 22, 2005.  On February 6, 2006, plaintiff filed a motion asking that Barton be replaced or dismissed as he had not responded to her request to amend the complaint or her telephone calls.  The Magistrate Judge denied plaintiff's motion, noting that Barton is an experienced attorney in civil litigation and should be able to adequately pursue plaintiff's case.

Barton has ignored Orders of this Court and has failed to adequately pursue plaintiff's case.  The Court remains convinced that appointment of counsel would benefit the parties and the Court. The Court will relieve Barton as counsel for plaintiff and refers the case to the Magistrate Judge for appointment of counsel.

Accordingly, the motion tp appoint new counsel is granted; the motion to reinstate pro se status is denied.  Barton is relieved as counsel of record.  The case is referred to the Magistrate Judge for appointment of new counsel.  The motion for Order (document no. 55) is denied as moot.

IT IS SO ORDERED this 16th  day of January,  2007.

/s/ George Howard, Jr.
_____
UNITED STATES DISTRICT JUDGE